THREE FIFTEEN WHITNEY AVENUE, INC.
*vs.*
ZONING BOARD OF THE CITY OF NEW HAVEN

Superior Court     New Haven County     File No. 60202

MEMORANDUM FILED AUGUST 4, 1941.

*Nathan A. Resnik,* of New Haven, for the Plaintiff.

*Vincent P. Dooley and Harold C. Donegan,* of New Haven, for the Defendant.

FOSTER, J.   The zoning ordinances of the City of New Haven are in part as follows: "Section 1028. Nothing in these ordinances shall effect the existing use of any building or moved to any part of a plant which was arranged or designed for such use at such effective date."

The appellant or plaintiff is the owner of the premises existing on the effective date of these ordinances may be continued, although such use does not conform with the provisions of these ordinances, and such use may hereafter be extended or moved to any part of a plant which was arranged for such use at such effective date."

The appellant or plaintiff iis the owner of the premises described in paragraph 1 of the complaint, which property is located in zone residence AA.   At the time of the passage of the zoning ordinance, and for a long time prior thereto, the front building on the land had been used as a retail book store and lending library, and the rear building was used for storage purposes incidental to the use of the front of the property.   The plaintiff leased the property to The Edward P. Judd Company.   On October 29, 1940, the plaintiff by its agent Julius Harrison asked the building inspector of New Haven for a permit for the occupation of such rear property by itself and its lessee for the uses to which such rear property had been theretofore put, and such permission was denied by the building inspector.   The plaintiff thereupon appealed to the Zoning Board of New Haven, and, after due hearing, received a permit in the following words: "You are hereby given permission to use the premises in the rear of 315 Whitney Avenue for a book store and lending library; such use to be limited to the use being presently made of the premises and limited to the present tenant only, The Edward P. Judd Company."

It appears in evidence that the zoning board did not consider it necessary to pass upon the question as to whether a "pre-existing non-conforming use had been established", and

did not decide this question. It simply granted the plaintiff the right to such use during the tenancy of The Edward P. Judd Company and "contingent upon the sign sought by the appellant being situated at least twenty feet back of the street line, supported by a single standard, with a clearance of at least eight feet and unilluminated."

I find that the plaintiff and its predecessors in title had used the rear premises in question for the purposes that it now desires to use them for a period of time prior to and up to the time of the passage of the zoning ordinance—except the maintenance of the sign in question. The plaintiff was therefore entitled to permission from the building inspector so to use such premises—except as to such sign. Since this is so, the zoning board had no legal right to limit such use of the premises to the termination of the lease of The Edward P. Judd Company—except as to such sign.

The appeal is sustained and judgment may be entered in accordance with this opinion.